**EXHIBIT 3**

## SECURITY AGREEMENT

1. PARTIES

   A. On the Top, a Massachusetts General Partnership
      **C/o Bohman Thayer Real Estate LLC**
      8 Academy Place
      Orleans, MA 02653
      Attn: Todd Thayer
         (hereinafter "Secured Party")

   B. 21st Century Roofing Systems, Inc.
      55 Leonard Street
      Foxboro, MA  02035
      Attn: Mark Gibson, President
         (hereinafter, "Debtor")

2. AGREEMENT

   Debtor grants to Secured Party a security interest in the hereinafter defined Collateral to secure the payment of the hereinafter defined Obligations.

3. OBLIGATIONS

   The following are the "Obligations" secured by this agreement:

   A. Debtor's obligations under its Promissory Note of even date, and payable to the order of Secured Party in the original principal amount of Five Hundred Thousand ($500,000.00) Dollars, or such lesser aggregate principal sum as may be advanced by the Secured Party to the Debtor pursuant to the terms of the Promissory Note.

   B. All past, present and future advances of whatever type, by Secured Party to Debtor, and extensions and renewals thereof, whether or not of the nature contemplated at the date hereof.

   C. Any interest on the above amounts.

4. COLLATERAL

   A. All of Debtor's tangible and intangible personal property of any kind, nature or type whatsoever including proceeds and products of the same, including but not limited to: post-bankruptcy petition account receivables, contract rights, chattel paper, general intangibles, choses in action, documents and instruments; all obligations owing to Debtor; all Debtor's goodwill, trade secrets, computer programs, customer lists, trade names, trademarks and patents presently owned or hereafter acquired; all tax refunds and insurance proceeds to which Debtor may be or become entitled; all Debtor's books and records; all Debtor's deposit accounts; all Debtor's machinery, equipment, furniture, fixtures, all inventory, including raw materials, work in process and other tangible personal

property held for sale or lease or furnished or to be furnished under contracts of service or used or consumed in Debtor's business wherever located, whether now existing or hereafter arising, now or hereafter received by or belonging to Debtor, and in the proceeds and products thereof. All of Debtor's rights to the name "21st Century Roofing Systems, Inc." and all trade names and marks, slogans and other intellectual property and all now owned or hereafter acquired assets of Debtor comprising its business and any successor thereto or assignee thereof. The claim of the Secured Party to proceeds hereunder shall not be deemed a consent to the sale or other disposition of any of the Collateral. The security interest hereby claimed relates to all the foregoing types of collateral whether now owned or hereafter acquired or arising. The Secured Party's collateral does not include any and all pre-petition account receivables of Debtor secured pre-petition by Milford National Bank and Trust Company.

7. MISCELLANEOUS

The rights and privileges of Secured Party shall inure to its successors and assigns. All representations, warranties and agreements of Debtor shall bind Debtor's successors and assigns. Definitions in the Uniform Commercial Code apply to words and phrases in this agreement. Debtor waives presentment, demand, notice of dishonor, protest, and extension of time without notice as to any instruments and chattel paper in the Collateral. Notice mailed to Debtor's address in Section 1, or to Debtor's most recent changed address on file with Secured Party, at least ten (10) days prior to the related action (or, if the Uniform Commercial Code specifies a longer period, such longer period prior to the related action), shall be deemed reasonable. A photographic or other reproduction of this agreement, or any financing signed by Debtor, is sufficient as a financing statement. The captions herein are for convenience and reference only and in no way define, proscribe or limit the terms hereof.

8. DEFAULT

A. Any of the following is an event of default: The events of default as detailed in the Revolving Line of Credit Loan Agreement of even date.

9. FIRST AND PRIOR LIEN

This security agreement grants to Secured Party a first and prior lien to secure the payment of the Obligations listed herein, and extensions and renewals thereof. If Secured Party disposes of the Collateral following default, the proceeds of such disposition available to satisfy the Obligations shall be applied first to the Promissory Note, and thereafter to all remaining indebtedness secured hereby, in the order in which such remaining indebtedness was executed or contracted. For purposes of this paragraph, an extended or renewed note will be considered executed on the date of the original note.

10. <u>NO LIMITATION</u>

Any and all of the rights listed herein are in addition to and should not be construed as a limitation on any of the rights and remedies of the Lender

IN WITNESS WHEREOF, the parties hereto have executed this instrument on this \_\_\_\_\_ day of _____, 20\_\_\_\_.

**WITNESSES**

_____

DEBTOR:
21st Century Roofing Systems, Inc.

By: _____

Title: _____

SECURED PARTY:
On the Top

_____

_____

By: _____

Title: _____