**EXHIBIT 4**

# REVOLVING PROMISSORY NOTE

$500,000.00                                                                   _____, Massachusetts

                                                                                       _____, 2011

     FOR VALUE RECEIVED, 21st Century Roofing Systems, Inc. (the "Obligor"), pursuant to the Order of the United States Bankruptcy Court for the District of Massachusetts in the matter styled *In re: 21st Century Roofing Systems Inc.* (the "Bankruptcy") dated _____, 2011, unconditionally promises to pay to On the Top, a Massachusetts General Partnership (the "Lender") the principal sum of Five Hundred Thousand ($500,000.00) Dollars, or such lesser aggregate principal sum as may be advanced by the Lender to the Obligor pursuant to the terms hereof, together with interest in arrears from the date hereof on the unpaid principal balances hereunder, at the rate equal to the Six and One - Half (6.5%) percent per annum. Interest shall be calculated on the basis of actual number of days elapsed over a year of 360 days.

     The Obligor shall pay to the Lender all outstanding principal and accrued interest that is then due as follows: interest only until a bankruptcy re-organization plan is approved ("Plan Approval"), and upon Plan Approval, payments shall be made on a 10 year amortization schedule with a balloon payment 63 months from Plan Approval, or (ii) if Plan Approval does not take place within 12 months of the date of execution of the within document, upon 3 months notice. Notwithstanding anything herein to the contrary, in no event shall the interest charged, reserved and/or taken on the loan evidenced hereby exceed the maximum allowed by and determined in accordance with applicable law.

     For a period from the date hereof, provided no default has occurred and is continuing, the Lender shall and agrees to lend to the Obligor such amounts (the "Advances") as the Obligor may from time to time request, upon prior notice to the Lender, provided that the aggregate principal amount of loans outstanding hereunder, together with the principal amount of such loan requested shall not exceed Five Hundred Thousand ($500,000.00) Dollars. The Lender shall enter as debits against the indebtedness evidenced by this Note, all loans, interest, charges, expenses and other items properly chargeable with respect to this Note. The aggregate principal balance of this Note at any time outstanding shall be the amount reflected on the ledger, computer or other records of the Lender. Such records with respect to the indebtedness due under this Note shall not impair the Lender rights under this Note or limit or otherwise affect the Obligor's obligation to repay the obligations in accordance with this Note.

     This Note is secured a first and prior security interest in and to all of Obligor's tangible and intangible assets, inventory, post-Bankruptcy petition accounts receivable, and rights to payment and all other property as detailed in the Security Agreement of even date. The Lender's collateral does not include any and all pre-petition account receivables of Debtor secured pre-petition by Milford National Bank and Trust Company. The acceptance by the Lender of any partial payment of principal and interest at any time or from time to time shall not affect any payment obligations of this Note.

     This Note shall be construed in accordance with the laws of the Commonwealth of

1

Massachusetts and all disputes relating to this Note shall be governed by the laws of the Commonwealth of Massachusetts.

In the presence of:                                  21st Century Roofing Systems, Inc.

_____        _____
                                                    Mark Gibson, President

**Agreed and Accepted:**

In the presence of:                                  On the Top, a Massachusetts General Partnership

_____        _____
                                                    By:
                                                    Title: